**LANE & NACH, P.C.**
2001 East Campbell Avenue
Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Michael P. Lane – 007435
Email: michael.lane@lane-nach.com

Attorneys for Roger W. Brown, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>DANIEL J. WALCH and LYDIA E. WALCH,<br><br>  Debtors. | (Chapter 7 Case)<br><br>No. 2:12-bk-12802-GBN<br><br>**TRUSTEE'S APPLICATION TO (1) EMPLOY SPECIAL COUNSEL; (2) COMPROMISE PRODUCTS LIABILITY CLAIM; AND (3) PAY FEES AND COSTS TO SPECIAL COUNSEL** |

Roger W. Brown, Chapter 7 Trustee, by and through his attorneys undersigned, herein applies to this Court for an Order authorizing him to employ special counsel, compromise a products liability claim and pay fees and costs to special counsel. In support of this Application, Trustee respectfully presents the following Memorandum of Points and Authorities:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. FACTUAL BACKGROUND

1. Pre-petition Debtor, Lydia Walch had an implantation of transvaginal mesh/pelvic surgical mesh product. Subsequently, Debtor experienced complications with the implant. Thereafter, and on or about October 5, 2012, she retained the law firm of Blasingame, Burch, Garrard & Ashley, P.C., on a 40% contingency fee, to prosecute claims for personal injuries and/or other causes of action against the manufactures of the transvaginal mesh/pelvic surgical mesh products ("Claim"). A copy of the agreement between the parties is attached hereto as **Exhibit "A"**.

2. Multi-District Litigation was filed including the Claim.

3. Debtors filed their voluntary petition under Chapter 7 of Title 11, United States Code, on June 7, 2012.

4. Roger W. Brown was appointed the Chapter 7 Trustee ("Trustee").

5. Debtors did not disclose the Claim on their Schedules filed with the Court. Trustee does not believe this non-disclosure was intentional.

6. Trustee recently became aware of the Claim and moved to reopen this case to administer the Claim as property of the Chapter 7 Estate.

7. Trustee desires to ratify and continue the employment of Blasingame, Burch, Garrard & Ashley, P.C. (hereinafter "Special Counsel) to represent the Estate regarding the Claim. Special Counsel has agreed to represent the Estate on the same terms as set forth on Exhibit "A". Trustee is satisfied from the Declaration attached hereto as **Exhibit "B"** that Special Counsel is a disinterested entity within the meaning of 11 U.S.C. §101(14).

8. The District Court has approved a confidential group settlement. The settlement was divided into Funds based upon on the classification of the injuries suffered. The Claim falls in the Fund yielding a gross payment of $528,000.00.

9. Trustee believes the settlement is appropriate after consideration of all of the circumstances.

10. Special Counsel's fee is 40% of the gross settlement, as fully detailed below. In addition, the following costs and MDL expenses have been assessed:

| | | |
|---|---|---|
| Total Settlement | | $528,000.00 |
| Court Allocated Common Benefit Expense (1%) | $ 5,280.00 | |
| Attorney's fees (40%) : | | |
|   Court Ordered Common Benefit Expense (4%) | $ 21,120.00 | |
|   Special Counsel fees | $190,080.00 | $211,200.00 |
| Costs: | | |
|  Special Counsel Costs | $ 1,455.84 | |

| | | |
|---|---:|---:|
| Settlement Program Expense Allocation | $ 2,500.00 | $ 3,955.84 |
| Mandatory Holdback for Medical Liens (25%) (balance, if any, to be paid to Estate) | | $132,000.00 |
| Total fees, costs, expenses | | $352,435.84 |
| Net to the Estate | | $175,564.16 |

11. Trustee believes that Special Counsel's fees, costs and MDL expenses are reasonable. Special Counsel will retain its fees, costs and MDL expenses from the gross settlement as a distribution from the Estate and will turn over the net proceeds to the Trustee.

## II. LEGAL ARGUMENT

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of his best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839 F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *In re Woodson* 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. Id. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc*., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate.

WHEREFORE, Roger W. Brown, Trustee, prays for an Order of this Court as follows:

a. Authorizing the Trustee to employ Blasingame, Burch, Garrard & Ashley, P.C. as Special Counsel for the Estate;

b. Authorizing the Trustee to accept the sum of $528,000.00 as full and complete satisfaction of the Estate's interest in the Claim;

c. Authorizing Special Counsel to retain its fees/costs, medical lien holdback and MDL expenses as detailed above in the amount of $352,435.84 from the settlement proceeds as a distribution from the Estate and to turnover the balance of the net settlement to the Trustee; and,

d. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of May, 2016.

**LANE & NACH, P.C.**

By  MPL 007435
 Michael P. Lane
 Attorneys for Trustee

COPY of the foregoing mailed/delivered via electronic notification

Daniel and Lydia Walch
27727 N. 86th Drive
Peoria, AZ 85383

Mari Jo Clark
Clark Law Offices
3610 N. 44th Street #140
Phoenix, AZ 85018
Email: mjc@clarklawaz.com
Attorney for Debtors

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Email: Edward.K.Bernatavicius@usdoj.gov

By /s/ Sheila Rochin

# EXHIBIT "A"



BLASINGAME · BURCH · GARRARD · ASHLEY, P.C.
Attorneys at Law

W. SEABORN ASHLEY
1947 – 2001

J. RALPH BEAIRD

GARY B. BLASINGAME

E. DAVISON BURCH

HENRY G. GARRARD III

ANDREW J. HILL III

THOMAS H. ROGERS, JR.

MICHAEL A. MORRIS

JAMES B. MATTHEWS III

RICHARD W. SCHMIDT

GEORGE W. BROWN III

DAVID A. DISMUKE

MOLLY K. TALLEY

JOSH B. WAGES

THOMAS F. HOLLINGSWORTH III

ALVIN L. BRIDGES III

LEANNA B. PITTARD

SARA E. SCHRAMM

RAVNEET K. JULKA

LEE S. ATKINSON

JENNIFER K. REGISTER

PATRICK H. GARRARD

P.O. Box 832
Athens, Georgia 30603
440 College Avenue, Suite 320
Athens, Georgia 30601
Phone 706.354.4000
Fax 706.353.0673

1040 Founder's Row, Suite B
Greensboro, Georgia 30642
Phone 706.453.7139
Fax 706.453.7842

PLEASE REPLY TO
ATHENS ADDRESS

Gary B. Blasingame
Henry G. Garrard, III
Andrew J. Hill, III
Josh B. Wages
James B. Matthews, III

Email address: gbb@bbgbalaw.com
Email address: hgg@bbgbalaw.com
Email address: ajh@bbgbalaw.com
Email address: jbw@bbgbalaw.com
Email address: jbm@bbgbalaw.com
Toll free no: 1-866-354-3544

## CONTRACT FOR REPRESENTATION AND FEE AGREEMENT

1. It is hereby agreed by and between **BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**, a Professional Corporation, (the "Firm") and **LYDIA WALCH** and **DAN WALCH** (the "Clients"), that the Firm will represent the Clients in their claims for damages against the manufacturer(s), designer(s), distributor(s) and seller(s), of an implantable medical device(s), and any others who might be liable or responsible for the product(s) that caused injuries to the Client.

2. **ATTORNEYS' FEES**. The Clients hereby agree to pay the Firm attorneys' fees equal to either forty (40%) percent of the gross proceeds of recovery (whether by settlement, trial, appeal or otherwise), or the maximum amount allowed by law, whichever is less. It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, the Clients will not owe the Firm any attorneys' fees except as may be provided below. Case expenses incurred in the prosecution of these claims will be due and payable by the Clients as set forth below.

3. **CASE EXPENSES**. It is understood and agreed that the Clients will be responsible for all case expenses, including but not limited to long distance telephone calls, filing costs, investigative expenses, photocopy costs, travel expenses including but not limited to use of automobiles and private or commercial aircraft, court reporting expenses, sums payable to doctors and hospitals for medical reports, fees and expenses of expert witnesses, document management expenses, graphics, media development and any other expenses incurred in representing the Clients regarding these claims referenced herein. These expenses will be deducted from Clients' share of any recovery. These expenses and any accrued interest thereon, will be paid out of the Clients' share of the recovery <u>after</u> the attorneys' fees are calculated on and subtracted from the gross recovery.

Page 1 of 3

4. **ADVANCE OF EXPENSES.** So long as the Firm is representing the Clients in this matter, the firm agrees that it will advance to the Clients the court costs and expenses of litigating this matter. The repayment of those costs and expenses of litigation, except as provided in Paragraph 10 below, is contingent upon the outcome of this matter, and shall be deducted from Clients' share of any recovery as set forth in Paragraph 2 of this agreement above. All costs and expenses associated with the litigation which are advanced or paid by the Firm shall accrue interest at the maximum rate of interest authorized by applicable law, but not to exceed five percent (5%) per annum, and said interest shall commence to accrue on the first day of the first calendar month after the month in which the Firm pays the cost or expense. The firm contemplates borrowing the funds necessary to pay the court costs and litigation expenses associated with this matter, and the interest rate specified herein is an approximation of the anticipated costs of borrowing such funds (or the opportunity cost of utilizing funds of the firm, without borrowing). The Firm's actual cost of borrowing such funds (or the opportunity cost of utilizing firm funds) to pay such costs and expenses may differ from the interest rate specified herein.

5. **RIGHT TO WITHDRAW FROM REPRESENTATION.** If after investigating this matter, or at any stage in the litigation, the Firm determines that it wishes to withdraw from representation, the Firm may withdraw as counsel for the Clients after giving written notice to the Clients and in compliance with Court Rules and Standards of Professional Ethics.

6. **AUTHORITY TO COMPROMISE/SETTLE CLAIMS.** The Firm and the Clients agree that the case may not be settled without the consent of the Clients, and that the Clients will take into consideration advice and recommendations of the Firm before making any decision to settle.

7. **ASSOCIATION OF COUNSEL.** The Firm may associate other counsel to assist in the prosecution of the Clients' claim so long as such association is disclosed to the Clients. Fees will be divided between the Firm and associated counsel in accordance with the services provided and agreement of the attorneys, and attorneys' fees shall be the same as provided in this Contract unless otherwise agreed to in writing by the Clients, the Firm and the associated counsel.

8. **STRUCTURED SETTLEMENT.** Should Clients' case be resolved through a structured settlement whereby the Defendants or their insurers make a lump sum payment followed by periodic payments over a term of years or for life of the Clients, the attorneys' fees shall be computed in accordance with the percentage agreed to herein, which shall then be applied either to the present cash value of the lump sum payment plus the present cash value of any such future benefits or to the cost to the Defendant or the Defendant's insurer(s) of all such payments, at the option of the Firm.

9. **PAYMENT OF MEDICAL EXPENSES.** The Clients authorize the Firm to pay from the recovery, whether by settlement or judgment, all charges for medical services incurred for treatment of the Clients, in whole or pro rata (if there are not sufficient funds to pay all such expenses therefrom). The Firm in obtaining such authority does not guarantee the payment of such expenses to said medical providers, and does not obligate or otherwise contractually bind itself to make such payments.

10. **QUANTUM MERUIT.** In the event this agreement is terminated at the instance of the Clients, the Firm shall be entitled to recover from the Clients all reasonable attorney fees for the work performed to time of termination based upon the doctrine of quantum meruit, and shall also be

Page 2 of 3

entitled to recover all its case expenses as described in Paragraph 3 above, plus interest as described in Paragraph 4, above.

11. **NO GUARANTEES**. It is understood that the Firm has made no guarantees or representations whatsoever to the Clients as to what amount, if any, will be recovered as a result of the Firm's efforts.

12. **GOVERNING LAW.** The validity, enforceability, construction and interpretation of this Agreement shall be governed by the laws of the State of Georgia. Clients waive their rights, if any, to have the law of any state other than the State of Georgia apply to this Agreement.

13. **VENUE AND PERSONAL JURISDICTION.** Any dispute arising out of or related to this Agreement, or any breach or alleged breach thereof, shall be exclusively decided by a state court in the State of Georgia. Clients waive their rights, if any, to have any dispute arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Georgia. Clients hereby consent to the personal jurisdiction of the state courts in the State of Georgia for purposes of any action arising out of or related to this Agreement.

14. **CHANGES TO AGREEMENT MUST BE IN WRITING**. This Agreement and its terms set forth herein may not be changed except by written amendment.

This 5 day of October, 2012.

_____ (L.S.)
LYDIA WALCH

_____ (L.S.)
DAN WALCH

Accepted by
BLASINGAME, BURCH, GARRARD
& ASHLEY, P.C.

_____
Gary B. Blasingame
Henry G. Garrard, III
Andrew J. Hill, III
Josh B. Wages
James B. Matthews, III

440 College Avenue/ P.O. Box 832
Athens, GA 30603
706-354-4000

Page 3 of 3

# EXHIBIT "B"

# DECLARATION

Andrews J. Hill, III, declares as follows:

A. I am an attorney duly admitted to practice before all courts of the State of Georgia.

B. I am employed by the Blasingame, Burch, Garrard & Ashley, P.C. with offices located at 440 College Avenue, Suite 320, Athens, Georgia.

C. The law firm of Blasingame, Burch, Garrard & Ashley, P.C. was retained by Daniel J. Walch and Lydia E. Walch with respect to a products liability claim. A 40% contingency fee agreement was entered into between the parties.

D. The law firm of Blasingame, Burch, Garrard & Ashley, P.C. and its associates do not represent or hold any interest adverse to the Debtors or the Estate with respect to the matter on which I am to be employed.

E. I have read Trustee's Application to Employ Special Counsel annexed hereto and agree with the terms contained therein and understand that any final award of attorneys' fees and costs, as well as any proposed settlement of the claim and all disbursements therefrom are subject to review and approval by the Bankruptcy Court.

Under penalty of perjury under the laws of the State of Georgia and the United States of America, I swear the foregoing is true and correct.

_____
Andrew J. Hill, III

1